# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| DEBRA S. PEREZ and EDWIN A. PEREZ,  Plaintiff(s),  v.  PORTFOLIO RECOVERY ASSOCIATES, LLC,  Defendant. | CIVIL COMPLAINT  CASE NO. 5:20-cv-01047  DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes DEBRA S. PEREZ ("Debra") and EDWIN A. PEREZ ("Edwin") (collectively "Plaintiffs"), by and through their undersigned attorney, complaining as to the conduct of PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas a subtotal portion of the events that gave rise to this action occurred within the Western District of Texas.

## PARTIES

4. Plaintiffs are consumers over 18 years-of-age residing within the Western District of Texas.

5. Defendant is a limited liability company formed under the laws of the State of Delaware. Defendant uses the mail and/or telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Texas. Defendant was founded in 1996 and is one of the nation's largest debt collectors.[1]

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon credit card debts ("subject debts") that Plaintiffs allegedly owed to Synchrony Bank and CitiBank N.A.

8. Plaintiffs' used their credit cards to purchase varies personal and household goods.

9. Around May 2020, Plaintiffs began receiving calls to their cellular phones, (830) XXX-2801 and (830) XXX-2881, from Defendant.

10. At all times relevant to the instant action, Plaintiffs were the sole subscriber, owner, and operator of the cellular phones ending in -2801 and -2881. Plaintiffs are and always have been financially responsible for the cellular phones and their services.

---

[1] https://www.portfoliorecovery.com/prapay/help/about-us

11. Defendant has called Plaintiffs using various phone numbers, including but not limited to (938) 222-0319 and (727) 860-0050.

12. Upon information and belief, the above aforementioned phone numbers are regularly utilized by Defendant during its debt collection activity.

13. Debra had a Wal-Mart credit card issued through Synchrony Bank which was assigned Defendant's Account Number 6032203772870191.

14. Defendant was made aware that Debra was represented by an attorney concerning her Synchrony Bank account. Defendant sent a written correspondence to Debra's attorney, dated May 29, 2019, acknowledging the representation.

15. Despite having actual knowledge that Debra was represented by an attorney, Defendant has continued to engage in collection activity towards Debra.

16. Moreover, Defendant made calls to Edwin's cellular phone regarding Debra's debt as well as his own debt, originally with CitiBank, N.A.

17. Upon speaking to Defendant, Plaintiffs requested that Defendant cease contacting them. Furthermore, Debra informed Defendant that an attorney represents her.

18. Defendant willfully ignored Plaintiffs' demands and continued placing phone calls to Plaintiffs' cellular phones seeking payment on subject debts.

19. Despite Plaintiffs' efforts, Defendant has continued to regularly call their cellular phones up until the filing of this lawsuit.

20. Plaintiffs have received numerous phone calls from Defendant since asking it to stop calling.

21. Frustrated over Defendant's conduct, Plaintiffs spoke with their attorney regarding their rights, resulting in exhausting time and resources.

22. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phones, and diminished space for data storage on their cellular phones.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiffs repeat and reallege paragraphs 1 through 23 as though full set forth herein.

25. Plaintiffs are "consumer(s)" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1997.[2]

28. The subject debts are "debt(s)" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA §1692b**

---

[2] https://www.acainternational.org/search

29. The FDCPA, pursuant to 15 U.S.C. §1692b(6), prohibits communication with a consumer, "after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector."

30. Defendant violated §1692b(6) when it frequently contacted Debra after it was properly noticed that Debra is represented by an attorney. Defendant used this prohibited conduct in order to pressure Debra into making a payment.

  **b. Violations of FDCPA §1692c(a)(1) and §1692d**

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiffs after being notified to stop. Defendant called Plaintiffs numerous times after they demanded that it stop calling. This repeated behavior of systematically calling Plaintiffs' cellular phones in spite of Plaintiffs' demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiffs' pleas with the goal of annoying and harassing them.

33. Defendant was notified by Plaintiffs that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiffs.

  **c. Violations of FDCPA § 1692e**

34. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

36. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiffs demanded that it stop contacting them Defendant continued to contact Plaintiffs. Furthermore, Defendant was made aware that an attorney represents Debra. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiffs' cellular phones in a deceptive attempt to force them to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiffs that it had the legal ability to contact them when it no longer had consent to do so.

### d. Violations of FDCPA § 1692f

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiffs numerous times after being notified to stop and that Debra is represented by an attorney. Attempting to coerce Plaintiffs into payment by placing voluminous phone calls without their permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiffs.

39. As pled above, Plaintiffs have been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiffs, DEBRA S. PEREZ and EDWIN A. PEREZ, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiffs statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debts; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

40. Plaintiffs restate and reallege paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff are "consumer(s)" as defined by Tex. Fin. Code Ann. § 392.001(1).

42. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

43. The subject debts are "consumer debt(s)" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

44. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously,

or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

45. Defendant violated the TDCA when it continued to call Plaintiffs' cellular phones numerous times after they notified it to stop calling. The repeated contacts were made with the hope that Plaintiffs would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiffs' situation and abiding by their wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

### b. Violations of TDCA § 392.304

46. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

47. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiffs' cellular phones. Through its conduct, Defendant misleadingly represented to Plaintiffs that it had the lawful ability to continue contacting their cellular phones absent their consent. Such lawful ability was revoked upon Plaintiffs demanding that Defendant stop calling their cellular phones and Debra notifying Defendant that she is represented by an attorney, further illustrating the deceptive nature of Defendant's conduct.

WHEREFORE, Plaintiffs, DEBRA S. PEREZ and EDWIN A. PEREZ, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiffs to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiffs actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d.  Awarding Plaintiffs punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Awarding Plaintiffs costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.  Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debts; and

g.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 3, 2020                                    Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com